**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**


Case No. 16-cv-02760-RM-MJW

ROCKHILL INSURANCE COMPANY,

     Plaintiff,

v.

CFI-GLOBAL FISHERIES MANAGEMENT,
HEIRLOOM I, LLC,

     Defendants.

---

**OPINION AND ORDER**

---

     Pending before the Court is plaintiff Rockhill Insurance Company's ("plaintiff") Motion to Partially Exclude Opinions & Testimony of Paul Brenkman ("the motion to exclude"). (ECF No. 67.)[1] Defendant CFI-Global Fisheries Management ("defendant") has filed a response (ECF No. 69), and plaintiff has filed a reply (ECF No. 72). The Court makes the following findings.

---

[1] Also pending before the Court are a motion for judgment on the pleadings (ECF No. 38), a motion to compel production (ECF No. 75), three motions for summary judgment (ECF Nos. 77, 80, 84), two motions for leave to restrict (ECF Nos. 102, 116), a motion to strike a response (ECF No. 109), a motion for oral argument (ECF No. 122), and a motion to strike jury demand (ECF No. 124). Obviously the filing of motions is not a problem for the parties in this action. So it is clear, the Court will address to each motion when and if it is necessary. At present, the motion to compel production is referred to U.S. Magistrate Judge Michael J. Watanabe. (ECF No. 79.) The three motions for summary judgment, the motion to strike response, the motion for oral argument, and the motion to strike jury demand will be addressed at a later time. The motion for judgment on the pleadings and the motions for leave to restrict will be addressed at the end of this Opinion.

## I.      Legal Standard

Rule 702 of the Federal Rules of Evidence ("Rule 702") governs the admission of expert evidence in federal court.  Fed.R.Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167 (1999).  Rule 702 provides as follows.

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702.

The Court's role in considering proposed expert evidence is one of a "gatekeeper."  *Kumho Tire*, 526 U.S. at 147.  Factors that might be relevant in carrying out this role include: (1) whether a theory or technique can be or has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3) whether there is a high known or potential rate of error to a technique and whether there are standards controlling the technique's operation; and (4) whether the theory or technique enjoys general acceptance within a relevant community.  *Id*. at 149-150.  These factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."  *Id*. at 150 (quotation omitted).

The proponent of expert evidence bears the burden of establishing its admissibility.  *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001).

## II.      Discussion

Plaintiff objects to the following testimony from Paul Brenkman ("Mr. Brenkman"): (1) testimony on the economic impact of plaintiff's coverage determination on defendant's business;

(2) testimony containing legal conclusions; and (3) testimony mischaracterizing the damages awarded in an arbitration as "*Slovek* damages." (ECF No. 67 at 2, 5-13.) The Court will address each matter in turn.

### A. Impact on Defendant's Business

Plaintiff argues testimony on the impact of its coverage determination on defendant's business should be excluded because Mr. Brenkman has no expertise in business, economics, or defendant's specific line of work. (ECF No. 67 at 6.) Plaintiff argues that, as a result, testimony on this topic is outside the scope of Mr. Brenkman's expertise. (*Id*.) In response, defendant argues that Mr. Brenkman should be allowed to opine on this matter because he has experience dealing with insurance claims and their foreseeable impact on policyholders. (ECF No. 69 at 7.) Defendant argues that plaintiff's criticisms of Mr. Brenkman in this regard go to the weight of his testimony, not its admissibility. (*Id*. at 8-9.)

The Court agrees with plaintiff that this testimony should be excluded in its entirety. The simple reason is that Mr. Brenkman has no relevant experience in the impact a denial of policy coverage (i.e., the denial of money) may have on any business, let alone *defendant's* business. And defendant does not point to any such experience. Instead, defendant points to Mr. Brenkman's experience in *insurance claims* and his purported experience in the foreseeable impacts of insurance claims on policyholders. As for the former, experience in insurance claims has no relevance as to how much defendant's business would be impacted by plaintiff's policy determination. As for the latter, whatever it is that defendant means by foreseeing the impact of insurance claims on policyholders, the Court doubts it is an area of expertise, and, even if it were, it is not one of Mr. Brenkman's stated areas of expertise. (*See* ECF No. 67-2 at 1.)

Defendant's argue that Mr. Brenkman is "plainly qualified" to opine that plaintiff's refusal to pay a nearly million dollar claim negatively impacted defendant's business. (ECF No. 69 at 7-8.) Defendants are correct in one sense, Mr. Brenkman could say this with some seriousness, assuming of course Mr. Brenkman was aware of defendant's bottom line. The problem is that *any* person, expert or lay, could make the same statement, assuming they are also aware of defendant's bottom line. It is merely common sense.

As a result, the Court finds that Mr. Brenkman is not qualified to testify on this subject, and, even if he were, it would not be helpful to a jury. Thus, the motion to exclude is GRANTED in this respect.

### B.     Legal Conclusions[2]

Plaintiff argues that Mr. Brenkman's expert report is "rife" with improper opinions as to ultimate issues in this case. (ECF No. 67 at 9.) Plaintiff lists a total of 21 excerpts from Mr. Brenkman's expert report that it finds objectionable. (*Id*. at 9-11.) Plaintiff also argues that Mr. Brenkman's expert report does not identify any of the industry standards upon which he relies. (*Id*. at 2.) In response, defendant argues that Mr. Brenkman's statements do not opine on any specific statute or legal standard, but instead are based upon his expertise with insurance industry practices and standards. (ECF No. 69 at 12.)

As an initial matter, although there are 21 separate excerpts to which plaintiff objects, neither party attempts to break down each excerpt and explain why it specifically should be excluded or

---

[2] There is some overlap in the testimony to which plaintiff objects in this area with the testimony in the third area of dispute. Notably, in this area of testimony, defendant objects to, *inter alia*, testimony about "*Slovek* damages," which is also the subject matter of the third area of testimony in dispute. The Court will review all objections to mentions of "*Slovek* damages" in the third area of testimony, rather than this area of testimony.

allowed. Instead, the parties talk in generalities. (*See* ECF No. 67 at 9; ECF No. 69 at 12-13.) This is of little help to the Court in analyzing any particular excerpt, and, as a result, the Court spends little time concerning itself with the parties' generalized arguments. Ultimately, the Court finds that, except in a couple of limited instances, Mr. Brenkman's testimony in this regard *may* be allowed.

Principally, contrary to plaintiff's apparent contention, in none of the challenged excerpts does Mr. Brenkman speak in terms of "a matter of law." That phrase is nowhere to be found, and, as far as the Court is concerned, none of the excerpts can be interpreted in that way. The first four excerpts reflect this. Three of them are noticeably prefaced by Mr. Brenkman's statement that "in [his] opinion" he has come to a conclusion or a finding. As for the other excerpt, it is merely Mr. Brenkman's conclusion of what plaintiff's internal evaluations reflect. If Mr. Brenkman's conclusion about what those documents reflect is wrong, or if Mr. Brenkman's opinions are wrong, then plaintiff will be more than able to present evidence suggesting as much.

The eighth excerpt is also an example of Mr. Brenkman opining on what he believes plaintiff has failed to do or what plaintiff has purportedly recognized. Again, defendant will be able to present conflicting evidence if it exists. Excerpts 10 and 12-20 also are prefaced by Mr. Brenkman's statement that the conclusions and findings he has reached are made "in [his] opinion." Provided that those opinions are made pursuant to Mr. Brenkman's experience with insurance industry practices and standards, which defendant asserts that they are, and which the Court addresses in more detail *infra*, then there is nothing wrong with Mr. Brenkman's statements. Simply put, the Court does not see them as legal conclusions.

There are a couple of limited exceptions. First, the Court will not allow Mr. Brenkman to testify that plaintiff's efforts to settle were "contrary to its obligation to protect [defendant] as a

quasi-fiduciary." Defendant does not attempt to address this statement, and the Court does not find that it is premised upon Mr. Brenkman's experience in the insurance industry. Rather, the Court agrees with plaintiff's argument that, if the statement is based upon anything, it is based upon Mr. Brenkman's general familiarity of the law, which is not enough. (*See* ECF No. 67 at 10 n.3.) Second, for the reasons discussed *supra*, the Court limits excerpt 21 by excluding the second sentence of that excerpt, as it relates to testimony on harm to defendant's business.

There is one other issue with Mr. Brenkman's testimony in this respect. As plaintiff asserts, the statements in Mr. Brenkman's expert report are noticeable for their complete lack of saying that Mr. Brenkman's opinions are based upon his experience in the insurance industry, or, more importantly, what industry standards or practices he has relied upon in reaching his opinions.[3] (*See generally* ECF No. 67-3.) Even in stating what his opinions are based upon, Mr. Brenkman only states that they are based upon various documents, none of which appear to involve any insurance industry standards or practices. (*See id*. at 6-7.) As a result, prior to being allowed to testify, Mr. Brenkman will be required to explain to the Court upon what basis his opinions have been reached.

Therefore, with respect to this area of testimony, the motion to exclude is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

---

[3] The Court notes that plaintiff's argument in this regard was only briefly mentioned in introduction of the motion to exclude, and then not mentioned again in the headings for legal conclusions or "*Slovek* damages." (*See* ECF No. 67 at 2, 7-13.) The Court can, thus, perhaps excuse defendant's failure to address this matter in its response, other than stating that Mr. Brenkman's opinions were based upon industry standards or practices. (*See* ECF No. 69 at 12.) As explained, that is not readily apparent from Mr. Brenkman's expert report. So it is clear, defendant will not be excused again should Mr. Brenkman be unable to provide a valid basis for his opinions prior to testifying. His testimony will simply be excluded in its entirety.

## C.    "*Slovek* **Damages**"[4]

At the outset, the Court observes what appears to be a major area of dispute between plaintiff and defendant as to whether the issue of "*Slovek* damages" is applicable to the facts of this case.  To be clear, whatever findings the Court reaches herein should not be construed as resolving that underlying issue to the extent that it is one.  Except in the one limited instance discussed *supra*, the Court has not meaningfully reviewed the parties' summary judgment papers, and thus, the Court has not had the opportunity to assess what matters are relevant and what matters are not.

With that in mind, the Court makes no finding that the issue of "*Slovek* damages" is applicable or inapplicable here.  That being said, for purposes of the instant motion to exclude only, the Court will assume that the issue may apply.  If, ultimately, the issue does not apply or is not relevant, then Mr. Brenkman's statements with respect to the same may also become inapplicable or irrelevant.  But, for now, the Court will assume that the issue is applicable.  Because of that, the Court finds that in some respects Mr. Brenkman's statements on "*Slovek* damages" *may* be allowed, and, in others, will be excluded.

The Court starts with the excerpts listed by defendant under its legal conclusions heading (i.e., the second area of disputed testimony).  The fifth and ninth excerpts *may* be allowed.  As far as the Court can discern from those excerpts, Mr. Brenkman is merely stating what he believes plaintiff's internal documents reflect.  In other words, he is not opining that the "*Slovek*" case is applicable here or that the Court must follow it.

The sixth excerpt will be excluded in part and *may* be allowed in part.  More specifically, everything after and including "when Rockhill knows that Heirloom recovered" will be excluded;

---

[4] As noted *supra*, to the extent not duplicative, the Court will address all objections to statements concerning "*Slovek* damages" in this section.

everything before *may* be allowed. The language before *may* be allowed because it is merely commenting upon plaintiff's conduct and how it is not reasonable or justified. The language after and including will be excluded because (1) defendant fails to explain how Mr. Brenkman purportedly knows something that plaintiff knows, and (2) in stating that "in reality Heirloom pursued *Slovek* Damages," the Court finds that this opinion is closer to making a legal determination (i.e., that Heirloom did in fact pursue *Slovak* damages) than is appropriate. As for the seventh excerpt, provided that the word "*Slovek*" is removed from the statement, the Court *may* allow the same.

As far as the Court can discern, the only statement concerning "*Slovek* damages" remaining is the third excerpt under plaintiff's third area of challenged testimony. The Court finds this excerpt *may* be admissible. As with the other statements the Court has found *may* be admissible, this one also does not opine that the "*Slovek*" case is applicable here or that the Court must follow it. Rather, it appears that Mr. Brenkman is merely saying that plaintiff did not act reasonably; the fact that "*Slovek*" is mentioned is purely incidental to this.

In the foregoing it may be noticeable that the Court has only found that Mr. Brenkman's testimony *may* be allowed. That is for the same reason discussed *supra*—namely, nowhere in Mr. Brenkman's expert report does he say that he is relying upon insurance industry standards or practices. As a result, prior to testifying, Mr. Brenkman will be required to explain to the Court upon what basis his opinions have been reached.

Therefore, with respect to "*Slovek* damages," the motion to exclude is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

## III. The Motions to Restrict

On December 4, 2017, defendant filed a motion to restrict access to an exhibit, which defendant states contains pages from plaintiff's Claim Handling Manual (the first motion to

restrict").  (ECF No. 102 at 1.)  Defendant requests Level 1 restriction because the manual purportedly contains "confidential business information" and has been designated confidential under a protective order.  (*Id*. at 1-2.)  No other explanation has been provided for the requested restriction, and plaintiff has not filed a pleading in support of the first motion to restrict.  Local Rule 7.2 requires that a motion to restrict, *inter alia*, address the interest to be protected and why such interest outweighs the presumption of public access, identify a clearly defined and serious injury that would result if access was not restricted, and explain why no alternative to restriction is practicable.  D.C.Colo. L.Civ.R. 7.2(c).  This has not been done with respect to the first motion to restrict.  Moreover, the Court notes that the pertinent exhibit is 64 pages in length, and it is not this Court's role to sift through the same looking for confidential business information, if any.  As a result, the first motion to restrict is DENIED.

On December 18, 2017, defendant filed another motion to restrict access to an exhibit, which, this time, defendant states contains pages from plaintiff's Underwriting Guidelines ("the second motion to restrict").  (ECF No. 116 at 1.)  As with the first motion to restrict, defendant requests Level 1 restriction because the exhibit contains "confidential business information," and was designated as confidential under a protective order.  (*Id*. at 1-2.)  Also like the first motion to restrict, no other information is provided in the second motion to restrict as to why restriction is warranted, and plaintiff has filed no pleading in support of the second motion to restrict.  For the same reasons discussed *supra*, as well as the Court being unable to discern anything worthy of restriction in the pertinent exhibit, the second motion to restrict is DENIED.

## IV.     Motion for Judgment on the Pleadings

On April 12, 2017, five months after this case was initiated, defendant filed a motion for judgment on the pleadings ("the motion for judgment").  (ECF No. 38.)  Therein, *inter alia*,

defendant argued that (1) an arbitration award entered against defendant was a covered liability under a professional liability insurance policy issued by plaintiff to defendant, (2) no exclusions in the insurance policy applied (specifically, a "slope stability engineering" exclusion, a "soil compaction studies" exclusion, and a "recall cost or expense" exclusion did not apply), and (3) plaintiff could not recoup defense costs plaintiff incurred during the arbitration. (*Id*.) The motion for judgment was filed long before discovery was set to conclude, first, on September 1, 2017, and then, after being reset, on October 13, 2017. (*See* ECF Nos. 31, 55.)

On November 13, 2017, defendant filed a motion for partial summary judgment. (ECF No. 77.) Therein, defendant raised, *inter alia*, the following arguments: (1) an arbitration award entered against defendant was a covered liability under a professional liability insurance policy issued by plaintiff to defendant, (2) two exclusions in the insurance policy did not apply (specifically, a "slope stability engineering" exclusion and a "faulty workmanship" exclusion), and (3) plaintiff could not recoup defense costs plaintiff incurred during the arbitration. (*Id*.)

The Court believes that the best course, with respect to the motion for judgment, is to deny the same as moot in light of the filing of defendant's motion for partial summary judgment. Generally speaking, the Court is of the belief that discovery, at least when it allows greater illumination of the factual record, is a good thing, even in a case such as this that involves, *inter alia*, interpreting the parties' insurance policy. In addition, the motion for partial summary judgment raises the same arguments that defendant raised in its motion for judgment. The only exception to this is that it appears that defendant, in the motion for partial summary judgment, argues that two exclusions do not apply, rather than the three that defendant appeared to reference in the motion for judgment. The Court assumes that this is because the focus of the parties has changed during the

course of this litigation, rather than due to any inadvertence on defendant's part. As a result, the Court does not find any prejudice to defendant in denying the motion for judgment as moot.[5]

## V. Conclusion

For the reasons discussed herein, the Court:

(1)     GRANTS IN PART and DENIES WITHOUT PREJUDICE IN PART plaintiff's Motion to Partially Exclude Opinions & Testimony of Paul Brenkman (ECF No. 67.);

(2)     DENIES defendant's motion to restrict (ECF No. 102);

(3)     DENIES defendant's motion to restrict (ECF No. 116); and

(4)     DENIES AS MOOT defendant's motion for judgment on the pleadings (ECF No. 38).

The Clerk is instructed to remove the restriction on ECF Nos. 104 and 117.

**SO ORDERED.**

DATED this 22nd day of March, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[5] The Court acknowledges that, in the motion for partial summary judgment, defendant stated that, in the filing the same, it did not waive its right to have the motion for judgment resolved. (ECF No. 77 at 5-6.) That is all well and good, but, this Court is not required to resolve two motions when resolving one may produce the same result, at least not here when the arguments in the two motions are the same. As stated, the Court chooses to use the later-in-time filed motion.