**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:16-cv-02760-RM-MJW

ROCKHILL INSURANCE COMPANY,

    Plaintiff,

v.

CFI – GLOBAL FISHERIES MANAGEMENT, a/k/a COLORADO FISHERIES, INC., and HEIRLOOM 1, LLC,

    Defendants,

___

**ORDER**
___

This matter is before the Court on Defendants' motions for judicial review of the Clerk's taxation of costs (ECF Nos. 146, 149.) The motions have been fully briefed and, for the reasons stated below, are DENIED.

**I. Background**

Plaintiff Rockhill Insurance Company ("Rockhill") prevailed on summary judgment in this insurance coverage dispute, obtaining a declaration that it had no obligation to defend or indemnify Defendant CFI – Global Fisheries Management ("CFI") in the arbitration brought against it by Heirloom 1, LLC ("Heirloom"). (*See* ECF No. 132.) The award to Heirloom in that proceeding was nearly $900,000. Rockhill also prevailed on Defendants' counterclaims for breach of contract and declaratory judgment and on CFI's counterclaims for bad faith.

Rockhill then submitted a proposed bill of costs (ECF No. 134) seeking reimbursement for $36,017.64 in costs under Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and Colorado law. Defendants filed separate objections, and the Clerk of the Court heard argument on the proposed

bill of costs. The Clerk awarded Rockhill $30,093.05, including $21,253.03 under federal law and $8,840.02 under Colorado law. The Clerk ordered CFI and Heirloom to split the costs 70/30, respectively.

## II. Costs Awarded Under Federal Law

CFI argues that the Court should disallow deposition costs for six witnesses because they were deposed for discovery purposes only. However, as CFI concedes, these individuals were designated as potential witnesses should the case go to trial. "[W]e do not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. We base this determination, instead, solely on the particular facts and circumstances at the time the expense was incurred." *In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quotation and citation omitted). Thus, "we will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.* (quotation omitted). The Court concludes the depositions were reasonably necessary for the preparation of this case.

CFI also argues that the Court should exercise its discretion to deny additional costs potentially recoverable under § 1920 because Rockhill was only partially successful and the issues were close and difficult. Although the Court agrees with CFI's characterization of the issues, it assesses Rockhill's level of success quite differently. The key issue in the case was who would be liable for the $900,000 arbitration award. Rockhill obtained a declaration that it was not liable, and it prevailed on every counterclaim asserted against it. The fact that it did not prevail on every argument about the scope of insurance coverage or the applicability of some

2

policy exclusions does not significantly detract from its success in this case. As a result, the Court declines to exercise its discretion to disallow Rockhill's costs on this basis.

To the extent CFI argues the Clerk's apportionment of the costs is not appropriate, the Court disagrees. CFI's poor workmanship supplied the basis for the underlying arbitration award, and its decision to pursue bad-faith counterclaims against Rockhill, including speculative claims for lost business income that it could not substantiate, needlessly increased the litigation costs for all parties. Therefore, it is appropriate that it pay a larger portion of the costs than Heirloom.

For its part, Heirloom also argues the Court should disallow costs that were not reasonably necessary. Like CFI, Heirloom seems to hold the view that costs pertaining to discovery that was not incorporated into Rockhill's successful motion for summary judgment should not be allowed. But as explained above, we view the costs from the perspective of when they were incurred and whether they were reasonably necessary to prepare for whatever course the litigation might take. The Court discerns no basis for exercising its discretion to further reduce the costs allowed by the Clerk.

**III. Costs Awarded Under State Law**

Defendants both argue that Rockhill cannot recover costs under Colo. Rev. Stat. § 13-16-105 because the Court previously denied its request under Colo. Rev. Stat. § 10-3-1116 for costs and attorney fees. (*See* ECF No. 132 at 34 n.22.) Under § 1116(5), if a court finds that a claim brought under the statute governing unreasonable delay or denial of benefits is frivolous, it must award costs and attorney fees to the defendant insurer. Section 105 is a more general statute which requires an award of costs to a prevailing party, including an insurer that prevails in a declaratory judgment action. *Globe Indem. Co. v. Travelers Indem. Co.*, 98 P.3d 971, 977

(Colo. App. 2004). In its motion for summary judgment, Rockhill argued that CFI's counterclaims for bad faith were frivolous, and therefore Rockhill was entitled to costs and attorney fees under § 1116. The Court denied that request because it was unable to find no rational basis for CFI's counterclaims. Defendants argue that an award of costs under § 105 is precluded when a court has denied a motion for costs and attorney fees under a more specific statute such as § 1116, but they cite no authority directly supporting such a proposition. Colorado courts favor construing statutes harmoniously to give effect to all provisions. *Mullins v. Kessler*, 83 P.3d 1203, 1205 (Colo. App. 2003). Section 1116 is part of a statutory framework intended to "increase the penalties on [insurance] companies that unreasonably delay or deny payment by offering consumers in those situations . . . a private right of action beyond the remedies in existing law." *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 972-73 (Colo. App. 2011) (quotation and emphasis omitted). But there is no indication that this provision is meant to supplant a prevailing party's right to recover costs under § 105. The Court concludes that its denial of Rockhill's earlier request for costs and attorney fees under § 1116 does not preclude an award of costs under § 105.

**IV. Conclusion**

Accordingly, the Court DENIES Defendants' motions. (ECF Nos. 146, 149.)

DATED this 19th day of November, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4