IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:16-cv-02760-RM-MJW

ROCKHILL INSURANCE COMPANY,

    Plaintiff,

v.

CFI-GLOBAL FISHERIES MANAGEMENT a/k/a Colorado Fisheries, Inc., and HEIRLOOM I, LLC,

    Defendants,

---

## ORDER

---

This matter is before the Court following a remand by the United States Court of Appeals for the Tenth Circuit. *See Rockhill Ins. Co. v. CFI-Global Fisheries Mgmt.*, 782 F. App'x 667 (10th Cir. 2019) (unpublished). In light of the Tenth Circuit's ruling and for the reasons below, the Court finds that Defendant Heirloom I, LLC ("Heirloom") is entitled to entry of final judgment in its favor, and Defendant CFI-Global Fisheries Management ("CFI") may proceed with its claim for statutory bad faith.

### I.    BACKGROUND

Heirloom contracted with CFI to design and construct a fisheries enhancement project. The project was destroyed by natural processes, prompting Heirloom to initiate arbitration proceedings against CFI. CFI requested that Plaintiff, its insurer, defend it in the arbitration, and Plaintiff agreed to do so under a reservation of rights.

Plaintiff then brought this action, seeking a declaration that it had no duty to defend or indemnify CFI in the arbitration. CFI and Heirloom asserted counterclaims for declaratory judgment and breach of contract. CFI also asserted claims for statutory and common law bad faith against Plaintiff.

The arbitrators ultimately awarded Heirloom $609,994.91 plus pre-judgment interest, and the parties stipulated to an award of $265,000 in attorney fees and costs. The arbitrators' decision was not accompanied by an explanation of reasoning because neither party requested a "reasoned" award.

After the arbitration award was entered, this Court granted summary judgment in Plaintiff's favor. The Court found that the faulty workmanship exclusion in CFI's professional liability policy applied, and therefore Plaintiff was not liable for the arbitration award. The Court also found that CFI did not prove any business loss caused by Plaintiff's refusal to settle the dispute and therefore dismissed CFI's claims for bad faith.

On appeal, the Tenth Circuit reversed the summary judgment, finding that the intent behind the faulty workmanship exclusion was "to distinguish non-covered construction work from covered professional services" and that Plaintiff was not entitled to summary judgment "as to the design components of CFI's work for Heirloom." *Id.* at 672. The Tenth Circuit did not reach the issues of "whether the entire arbitration award (including attorney's fees and costs) is covered under a correct reading of the exclusion or whether the damages should or can be apportioned between design and construction." *Id.* With respect to the claims for bad faith, the Tenth Circuit concluded that CFI's failure to demonstrate business loss provided a basis for

dismissing only its claim for common law bad faith and therefore reversed the summary judgment of CFI's claim for statutory bad faith.

On remand, Heirloom moved for entry of final judgment in its favor (ECF No. 163) and CFI moved to set a trial date on its claim for statutory bad faith (ECF No. 178). After a status conference, the Court denied both motions, and ordered further briefing on the issue of allocation—that is, whether the arbitration award should or can be allocated between design and construction damages. The Court now finds that the arbitration award cannot be allocated, that Heirloom is entitled to final judgment in its favor, and that CFI may now proceed with its claim for statutory bad faith.

## II.    LEGAL STANDARDS

The parties agree that Colorado law governs in this diversity case, but they have not identified Colorado law on the allocation of an arbitration award between an insurer and insured. However, the pleadings discuss two Tenth Circuit cases applying Oklahoma law that provide helpful guidance for resolving this dispute. In *Magnum Foods, Inc. v. Continental Casualty. Co.*, 36 F.3d 1491, 1498 (10th Cir. 1994), the court determined that "an insurer who undertakes the defense of a suit against its insured must meet a high standard of conduct"; thus, it is the insurer's "duty not to prejudice the insured's rights by failing to request special interrogatories or a special verdict in order to clarify coverage of damages." Noting that a conflict of interest arises between the insurer and insured when coverage is disputed, the court reasoned that "[t]he insurer is in the best position to see to it that the damages are allocated; therefore, it should be given the incentive to do so." *Id.* at 1499. There, the court found that the bases for the jury's award could be deduced from the verdict forms and the jury instructions. *See id.*

The other Tenth Circuit case that the Court finds helpful is *Automax Hyundai South, L.L.C. v. Zurich American Insurance Co.*, 720 F.3d 798, 808 (10th Cir. 2013), where the court applied the rationale of *Magnum Foods* in the context of an insurer that refused to defend its insured. The court reiterated the principle that "[p]lacing the burden of allocation on insurers when they have a duty to defend provides an incentive for them to fulfill their defense obligations." *Id.* Accordingly, the court concluded that the insurer would be liable for the full amount of the underlying settlement unless it was able to satisfy its burden with respect to allocation. *Id.* at 809.

### III. ANALYSIS

Although the arbitrators did not explain the reasoning behind the award at issue in this case, attached to it was a spreadsheet of invoices paid to third party contractors that worked on the project following CFI's failures with a line item for remaining construction. Plaintiff contends that the arbitration award can and should be allocated based on these "replacement costs." (ECF No. 186 at 1.) Defendants argue that Plaintiff cannot meet its burden of proving that any amount of the arbitration award is excluded under the faulty workmanship exclusion in CFI's policy because the arbitration award did not allocate any of Heirloom's damages solely to CFI's construction work, and therefore Plaintiff is liable for the entire arbitration award.

To begin with, there is no dispute that Plaintiff controlled CFI's defense. As a result, Plaintiff had a corresponding duty to ensure that the damages were allocated between those that were covered under CFI's policy and those that were not. Because Plaintiff failed to request an allocated award, the arbitrators issued "a standard award without explanation of [the arbitrator's] reasoning" that says nothing with respect to allocating Heirloom's damages. (ECF No. 78-12

at 2.)  Under these circumstances, the damages awarded are presumed to be covered under CFI's policy.  *See Automax Hyundai S.*, 720 F.3d at 808; *Magnum Foods*, 36 F.3d at 1499.

Plaintiff argues that the damages for design and construction work can and should be allocated because Heirloom paid two different companies for the costs of replacing CFI's design and construction obligations.  However, the Court finds that Plaintiff's reliance on the spreadsheet attached to the arbitration award is misplaced.  First, there is no evidence that the arbitrators meant to distinguish between damages caused by design and construction work pursuant to these invoices.  Under the present circumstances, reliance on the invoices alone would amount to speculation as to what was in the arbitrators' minds when they made the unreasoned award in this case.  *See Automax Hyundai*, 720 F.3d at 809.  At most, the invoice evidence establishes one basis by which the arbitrators could have apportioned the final award.  That is insufficient for Plaintiff to meet its burden in this case.

Second, there is no apparent reason why damages caused by defective design work cannot include costs for both design and construction under the circumstances of this case.  Plaintiff cites no authority to the contrary.  Nor does the Tenth Circuit's ruling support Plaintiff's position that damages caused by design work are limited to replacement costs for design work.  In its ruling, the Tenth Circuit concluded that the faulty workmanship exclusion distinguishes "non-covered construction work from covered professional services." *Rockhill Ins. Co.*, 782 F. App'x at 672.  But that does not mean that construction damages could not have resulted from the design components of CFI's work—it means merely that damages stemming purely from CFI's construction work were excluded from coverage.  Here, the arbitrators were presented with evidence that the design work was so faulty that the project was destined to fail

5

regardless of how well it was implemented. (*See* ECF No. 84-10, Rosgen Dep. at 98, ll. 2-8.) In any event, for present purposes it is immaterial whether the arbitrators awarded Heirloom damages for both CFI's design work and its construction work because there is no evidence that any of Heirloom's damages were due solely to CFI's construction work. In the absence of such evidence, Plaintiff cannot satisfy its burden of establishing that it is not liable for the entire arbitration award.

## IV. CONCLUSION

Therefore, the Court concludes that Heirloom is entitled to JUDGMENT in the amount of the final arbitration award. In addition, CFI may now proceed with its claim for statutory bad faith against Plaintiff.

DATED this 2nd day of March, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge