**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:16-cv-02760-RM-MJW

ROCKHILL INSURANCE COMPANY,

      Plaintiff,

v.

CFI-GLOBAL FISHERIES MANAGEMENT a/k/a Colorado Fisheries, Inc., and
HEIRLOOM I, LLC,

      Defendants,

---

**ORDER**

---

This matter is before the Court on the Joint Motion to Approve Settlement Between
Rockhill and Heirloom (ECF No. 219) and several other motions that are pending in this case.
The Court grants the joint motion and addresses the other motions in turn.  A recitation of the
history of this case can be found in the Court's March 2, 2020, Order (ECF No. 190).

**A.      Joint Motion to Approve Settlement**

Following a remand by the United States Court of Appeals for the Tenth Circuit, *Rockhill
Ins. Co. v. CFI-Global Fisheries Mgmt.*, 782 F. App'x 667 (10th Cir. 2019) (unpublished), the
Court determined in its March 2, 2020, Order that Defendant Heirloom I, LLC ("Heirloom") was
entitled to entry of judgment in its favor because Plaintiff failed to meet its burden of
establishing that it was not liable for the entire underlying arbitration award.  Heirloom and
Plaintiff continued to dispute Heirloom's entitlement to pre-judgment interest.  In their joint
motion to approve settlement (ECF No. 219), these parties assert that they have reached a

settlement agreement that resolves that dispute, and they have agreed to settle the matter for

$1,017,000 and to dismiss their claims against one another.  Defendant CFI-Global Fisheries

Management ("CFI") has not indicated that it is opposed to the settlement, and the Court sees no

reason to prevent Plaintiff and Heirloom from resolving the issues between them pursuant to the

settlement agreement attached to their motion.  The motion is granted.

### B. Motion to Amend Final Judgment

In light of the settlement agreement, Heirloom's motion to amend the final judgment

(ECF No. 194) is now moot.

### C. Renewed Motion to Set Trial Date

In the March 2, 2020, Order, the Court also determined CFI could proceed with its claim

for statutory bad faith against Plaintiff.  CFI filed a renewed motion to set a trial date (ECF

No. 195), which Plaintiff opposed (ECF No. 202).[1]  Plaintiff's first argument, that the final

amount of damages needed to be established before CFI could proceed with its claim, is now

moot as there are no longer any pending challenges to the amended final judgment.  Plaintiff

next argues that whether CFI is a "first-party claimant" must be resolved before a trial is held.

(*See id.* at 7-9.)  However, the Court denied Plaintiff's for summary judgment on CFI's statutory

bad faith claim, and the Tenth Circuit affirmed that part of its order.  To the extent Plaintiff seeks

to raise new arguments that would entitle it to prevail on this claim as a matter of law, it has

neither obtained nor even sought permission from this Court to do so.  Accordingly, the Court

grants CFI's motion to set a trial date.

---

[1] Because Heirloom will be dismissed from this case, the Court need not consider its arguments in opposition to CFI's motion.  (*See* ECF No. 200.)

### D.  Motion to Strike CFI's Response

Plaintiff filed a motion to strike CFI's response to the motion to amend the final judgment (ECF No. 201).  The Court has already determined that the underlying motion is moot and likewise denies the motion to strike as moot.

### E.  Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment on CFI's statutory bad faith claim (ECF No. 203), and briefing has been stayed on the motion pending Plaintiff's obtaining leave to file a second summary judgment motion (ECF Nos. 212, 213).  As discussed below, the Court is now granting CFI's motion to strike this motion.

### F.  Motion to Strike Plaintiff's Motion for Summary Judgment

CFI filed a motion to strike Plaintiff's motion for summary judgment (ECF No. 207), arguing that Plaintiff failed to obtain the Court's permission to file a second summary judgment motion in this case.  The Court agrees with CFI and hereby strikes Plaintiff's motion.

Pursuant to this Court's Civil Practice Standards, "[a] party may *not* file multiple motions for summary judgment without obtaining permission from the Court.  Such permission will be given only in exceptional circumstances."  Civ. Practice Standard IV.N.3.a.  Plaintiff contends that the Court authorized its motion during the September 23, 2019, status conference.  But the transcript of that conference tells a different story.  The Court directed further briefing on the allocation issue, stating, "I'm giving them a chance to file a second motion; I'm giving you a chance to file a second motion—or first motion.  I'm basically asking each side, give me your position on this issue; I will decided it; and we'll move forward from there."  (ECF No. 214-1 at 13, ll. 3-7.)  The referenced issue that was under discussion was the allocation issue—it had

nothing to do with CFI's statutory bad faith claim.  The Court's comment shortly thereafter further clarifies that "I'm not looking for bad faith right now.  I'm looking for the allocation issue."  (*Id.* at 14, ll. 5-6.)  The Court goes on to state, "And when that gets resolved, we will talk about where we are with regard to the other matter."  (*Id.* at 14, ll. 8-9.)  The referenced "other matter" was CFI's statutory bad faith claim.  Plaintiff's attempt to derive permission to file a second motion for summary judgment by selectively citing excerpts from the hearing is not well taken.  Accordingly, the Court grants CFI's motion to strike Plaintiff's motion for summary judgment.

### G.      Motions for Status Conference

In light of the settlement agreement between Plaintiff and Heirloom, Heirloom's pending motions for a status conference (ECF Nos. 208, 223) are denied as moot.

### H.      Motion for Final Judgment

CFI has filed a motion for entry of final judgment on its counterclaims for declaratory judgment and breach of contract against Plaintiff (ECF No. 210).  Although the motion as been fully briefed, the Court defers ruling on it at this time.

THEREFORE, the Court rules as follows:

(1)      the joint motion to approve settlement (ECF No. 219) is GRANTED, and Plaintiff and Heirloom are directed to comply with the terms of the attached settlement agreement;

(2)      the motion to amend the final judgment (ECF No. 194) is DENIED AS MOOT;

(3)      the renewed motion for a trial is GRANTED, and the parties are directed to contact Chambers via email (deanne_bader@cod.uscourts.gov) on or before June 29, 2020, to set this case for trial on CFI's statutory bad faith claim;

(4)     the motion to strike CFI's response (ECF No. 201) is DENIED AS MOOT;

(5)     Plaintiff's motion for summary judgment (ECF No. 203) is STRICKEN for

failure to comply with this Court's Civil Practice Standards;

(6)     CFI's motion to strike Plaintiff's motion for summary judgment (ECF No. 207) is

GRANTED; and

(7)     Heirloom's motions for a status conference (ECF Nos. 208, 223) are DENIED AS

MOOT.

DATED this 22nd day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge