IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-02760-RM

ROCKHILL INSURANCE COMPANY,

    Plaintiff,

v.

CFI-GLOBAL FISHERIES MANAGEMENT a/k/a Colorado Fisheries, Inc.,

    Defendant,

---

**ORDER**

---

    This insurance case is before the Court on Defendant's motion for entry of final judgment on its counterclaim for declaratory relief. (ECF No. 210.) Plaintiff has responded to the motion (ECF No. 218), and Defendant has filed a reply (ECF No. 221). For the reasons below, the motion is granted in part and denied in part.

**I.     LEGAL STANDARDS**

    The Declaratory Judgment Act grants courts the authority to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.* In exercising this discretion, courts consider (1) whether a declaratory action would settle the controversy, (2) whether it would serve a useful purpose in clarifying the legal relations at issue, (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a

race to res judicata, (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction, and (5) whether there is an alternative remedy which is better or more effective. *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980-81 (10th Cir. 2012).

Under Fed. R. Civ. P. 54(b), a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The purpose of the rule is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the final adjudication of the entire case by making an immediate appeal available. *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001). But due to the federal policy against piecemeal appeals, Rule 54(b) entries are not to be made routinely. *Id.* at 1241-42. Certification under the rule is appropriate only when the order the court is certifying is a final order and when the court determines there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case. *Id.* at 1242.

**II.     BACKGROUND**

The history of this case is summarized in the Court's March 2, 2020 Order (ECF No. 190). There, following a remand by the United States Court of Appeals for the Tenth Circuit, *Rockhill Ins. Co. v. CFI-Global Fisheries Mgmt.*, 782 F. App'x 667 (10th Cir. 2019) (unpublished), the Court determined that former Defendant Heirloom I, LLC ("Heirloom") was entitled to entry of judgment in its favor because Plaintiff was liable for the entire final arbitration award of $894,671.97 and that Defendant could proceed with its counterclaim for statutory bad faith. The Court did not address Defendant's other counterclaims.

In May 2020, Defendant filed its motion for entry of final judgment on its (and Heirloom's) claims for declaratory relief and breach of contract. In its response, Plaintiff argues that the motion is untimely based on the entry of judgment on March 2, 2020, that Defendant did not previously move for summary judgment on its breach of contract counterclaim, that Defendant lacked standing to seek relief on Heirloom's behalf, and that the indemnity amount—still subject to appeal at that point—was intertwined with Defendant's bad faith counterclaim, making Rule 54(b) certification improper.

Later that month, Plaintiff and Heirloom filed a joint motion to approve their settlement agreement. In that motion, Plaintiff asserted that Defendant's motion for entry of judgment was rendered moot with respect to its claim for declaratory relief. (ECF No. 219 at 6.)

In its reply, Defendant states that it is now requesting entry of final judgment solely on its claim for declaratory relief. (*See* ECF No. 221 at 1.) Defendant has submitted a proposed judgment declaring "that the January 9, 2017 final arbitration award of $894,671.97 ('Award') in favor of Heirloom against [Defendant], domesticated in Colorado state court on February 17, 2017 ('Colorado Judgment'), is fully covered by the professional liability insurance policy ('Policy') provided by Plaintiff . . . to [Defendant], and that under such Policy, [Plaintiff] was contractually obligated to both [Defendant] and Heirloom to pay Heirloom the Award of $894,671.97 on January 9, 2017, and [Plaintiff] is now contractually obligated to pay the Policy's limit of $1,000,000 to Heirloom on [Defendant's] behalf." (ECF No. 221-1 at 1-2.) The proposed judgment would declare further "that post-judgment interest of $247,467.26 that has accrued on the Award (and Colorado Judgment) for the time period from January 9, 2017 to

May 27, 2020 is a covered benefit payable on [Defendant's] behalf under the Policy, bringing the total covered insurance benefits under the Policy to $1,142,139.23." (*Id.* at 2.)

On June 22, 2020, the Court approved the settlement agreement between Plaintiff and Heirloom, which Defendant did not oppose. (ECF No. 224.) The Court deferred ruling on Defendant's motion for entry of final judgment and granted its motion to set a trial date. The case is scheduled for a five-day jury trial beginning on March 8, 2021 to resolve Defendant's bad faith claim.

### III. ANALYSIS

At this stage, there is no dispute that Plaintiff was required to pay the arbitration award that Heirloom obtained against Defendant. Pursuant to the settlement agreement, Plaintiff has paid Heirloom $1,017,000 and those entities have mutually released each other from any claims related to this litigation. (*See* ECF No. 226 at 2.) Heirloom has also released any claims against Defendant and been dismissed from this case. (ECF No. 227.) Although issues remain between Plaintiff and Defendant with respect to Defendant's claim for statutory bad faith, the Court finds Defendant is entitled to declaratory relief with respect to Plaintiff's liability under the policy. In so ruling, the Court rejects Plaintiff's contention that Defendant's motion is untimely, as no final judgment on any of Defendant's claims has been entered. Nonetheless, because of the federal policy against piecemeal appeals, the Court declines to enter final judgment under Rule 54(b).

To prevail on its bad faith claim, Defendant will need to establish, inter alia, the amount of the "covered benefit." Colo. Rev. Stat. § 10-3-1116(1). Defendant's proposed judgment would declare that the covered benefits under the policy are $1,142,139.23. But the Court declines to determine the "covered benefit" at this time. Disputes remain as to when Plaintiff's

obligation to pay the arbitration award arose given that it initially prevailed on summary judgment. Disputes may also arise as to the calculation of prejudgment and post-judgment interest, the effect of the settlement agreement, and attorney fees and costs. Of course, those issues could become moot if Defendant is unable to establish that it is a "first-party claimant" or that Plaintiff engaged in "unreasonable delay." *Id*. But in any event, the Court finds there are just reasons to delay entering Rule 54(b) final judgment now.

### IV.    CONCLUSION

Therefore, the Court GRANTS IN PART and DENIES IN PART Defendant's motion (ECF No. 210) and DECLARES that the final arbitration award of $894,671.97 is covered under Defendant's policy.

DATED this 26th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge