IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-02760-RM

ROCKHILL INSURANCE COMPANY,

    Plaintiff,

v.

CFI-GLOBAL FISHERIES MANAGEMENT a/k/a Colorado Fisheries, Inc.,

    Defendant,

---

**ORDER**

---

    In this insurance case, Defendant's statutory bad faith claim was tried to a jury, which returned special verdicts against Plaintiff. *See* Colo. Rev. Stat. § 10-3-1115. Before the Court are Plaintiff's Motion for New Trial or Judgment as a Matter of Law (ECF No. 325) and Defendant's Motion to Amend Judgment (ECF No. 328), which have both been fully briefed.

**I.    LEGAL STANDARDS**

    **A.    Fed. R. Civ. P. 59(a)**

    "Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999) (quotation omitted). In its review, the Court is mindful that "[t]he jury holds the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions

of fact." *Prager v. Campbell Cnty. Mem'l Hosp.*, 731 F.3d 1046, 1063 (10th Cir. 2013) (quotation omitted).

      B.      Fed. R. Civ. P. 50(b)(3)

"Rule 50 of the Federal Rules of Civil Procedure provides the process for challenging the sufficiency of the evidence in a civil jury trial." *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1128 (10th Cir. 2019). "Judgment as a matter of law under Rule 50 is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Id.* at 1129 (quotation omitted). "Judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence conclusively favors one party such that reasonable people could not arrive at a contrary verdict." *Id*. at 1130 (brackets and quotation omitted). This Court does not make credibility determinations or weigh the evidence, and all reasonable inferences are drawn in favor of the nonmoving party. *See Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1156 (10th Cir. 2022). This is because "it is the sole province of the jury to appraise credibility, draw inferences, determine the weight to be given testimony and to resolve conflicts in the facts." *Id.* (quotation omitted).

      C.      Fed. R. Civ. P. 59(e)

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

## II. BACKGROUND

In August 2012, Defendant entered a $775,000 contract with former Defendant Heirloom I, LLC ("Heirloom") to implement a creek enhancement project in Colorado. By all accounts, the project was a failure. In May 2015, after several unsuccessful attempts to complete and repair the project, Heirloom terminated the contract. Heirloom then filed an arbitration demand, claiming $810,000 in damages. Plaintiff provided a defense for Defendant, its insured, under a reservation of rights. In January 2017, Heirloom obtained a final arbitration award of nearly $900,000.

Meanwhile, Plaintiff brought a declaratory judgment action, seeking a determination that it had no duty to defend or indemnify Defendant in connection with the arbitration demand. Defendant and Heirloom asserted counterclaims, including the statutory bad faith claim that eventually made it to the jury. In April 2018, this Court found that an exclusion in the professional liability ("PL") coverage barred their recovery for damages and granted summary judgment in Plaintiff's favor. (*See* ECF No. 132.) But that ruling was later reversed by the United States Court of Appeals for the Tenth Circuit. *See Rockhill Ins. Co. v. CFI-Global Fisheries Mgmt.*, 782 F. App'x 667, 669 (10th Cir. 2019) (unpublished). Plaintiff and Heirloom subsequently reached a settlement, which the Court approved in June 2020. Plaintiff then paid Heirloom $1,017,000, and Heirloom was dismissed from the case.

Defendant's statutory bad faith claim proceeded to trial, and the jury found that Defendant proved by a preponderance of the evidence that Plaintiff delayed or denied payment of benefits owed to or on behalf of Defendant and that the delay or denial was without a reasonable basis. (*See* ECF No. 299 at 2.) The Court awarded Defendant a statutory penalty in

3

the amount of $1,590,373.46 and attorney fees in the amount of $1,048,034.75. (*See* ECF No. 319 at 11.)

## III.   ANALYSIS

### A.   New Trial

In support of its request for a new trial, Plaintiff contends that the Court erred by excluding its April 2018 Order and by improperly instructing the jury about its obligations as an insurer. Plaintiff also contends the verdicts are against the weight of the evidence.

#### 1.   April 2018 Order

Before trial, the Court ruled that "litigation conduct" could not be presented to the jury. (*See* ECF No. 266.) The Court also denied Plaintiff's Motion to Take Judicial Notice of Certain Facts in Court Records (ECF No. 241) and rejected its proposed jury instruction listing fifteen facts pertaining to the April 2018 Order. Instead, the Court gave a more limited judicial notice instruction, stating that the jury must accept the following facts as proved:

> 1. Rockhill filed this lawsuit on November 11, 2016 against CFI and Heirloom, seeking a declaratory judgment from the Court that a liability insurance policy it issued to CFI does not cover CFI for damages awarded to Heirloom in an arbitration.
>
> 2. After various motions and orders and an appeal, on March 2, 2020, this Court entered judgment in favor of Heirloom and against Rockhill for the amount of the Arbitration Award. Heirloom and Rockhill thereafter reached a settlement, which the Court approved on June 22, 2020.
>
> 3. Under the settlement, Rockhill paid $1,017,000.00 to resolve Heirloom's judgment against CFI based on the Arbitration Award plus additional costs and fees. Upon the settlement being paid, CFI's judgment liability to Heirloom was fully satisfied on July 2, 2020, Heirloom's claims against CFI were extinguished, claims between Rockhill and Heirloom were dismissed, and Heirloom was dismissed from this case.
>
> 4. On January 26, 2021, the Court issued a judicial declaration that the Arbitration Award is covered under CFI's policy.

4

(*Id.* at 19.) The Court also instructed the jury that the parties admitted and agreed to the following facts:

    1.    Rockhill issued a combined Commercial General Liability, Contractors Pollution Liability Occurrence and Professional Liability Policy, No. ENVP004942-02 to CFI for the policy period from September 14, 2014 to September 14, 2015 ("Policy").

    2.    On July 20, 2015, Heirloom I, LLC ("Heirloom") filed an Arbitration Demand with the American Arbitration Association against CFI.

    3.    In the Arbitration Demand, Heirloom claimed $810,000 in damages, as well as attorneys' fees, interest, arbitration costs, and punitive/exemplary damages.

    4.    On August 21, 2015, FARA, an agent for Rockhill, informed CFI that Rockhill had hired the law firm Harris, Karstaedt, Jamison & Powers to defend CFI in the Heirloom Arbitration.

    5.    The Heirloom Arbitration took place on October 17, 2016 through October 21, 2016.

    6.    On November 11, 2016, Rockhill filed this lawsuit against CFI and Heirloom, seeking what is called a declaratory judgment from the Court on whether the Policy issued by Rockhill to CFI covered CFI for claims for damages brought against CFI by Heirloom.

    7.    On November 21, 2016, the Arbitrators issued an Interim Award due to Heirloom for $609,994.91 together with $19,743.74 in pre-judgment interest, for a total interim award of $629,671.97, to accrue interest at a rate of $138.01 per day until paid.

    8.    On January 9, 2017, the Arbitrators issued a Final Award against CFI to Heirloom to include an additional $265,000 for Heirloom's attorneys' fees and costs, to accrue interest at a rate of $58.08 per day. The Final Award totaled $894,671.97.

    9.    On February 17, 2017, the state district court for the City and County of Denver, Colorado, confirmed the award and entered a judgment against CFI in the amount of $894,671.97, plus interest at the rate of $138.01 per day from November 21, 2016 until paid, plus interest at the rate of $58.08 from February 10, 2017 until paid, plus costs of $274.00.

> 10. On July 2, 2020, Rockhill paid Heirloom $1,017,000 pursuant to a settlement reached between Rockhill and Heirloom and thereafter Heirloom was dismissed from this case.

(ECF No. 300 at 17-18.)

Plaintiff contends the April 2018 Order is highly probative evidence showing that it had a reasonable basis for how it handled Defendant's claim and "account[s] for a vast portion of the alleged 'delay' at issue." (ECF No. 325 at 3.) Plaintiff further contends it was prejudiced by the exclusion of evidence related to the April 2018 Order, particularly due to the Court informing the jury about two other orders which were against Plaintiff. The Court is not persuaded.

"Evidentiary rulings generally are committed to the very broad discretion of the trial judge, and they may constitute an abuse of discretion only if based on an erroneous conclusion of law, a clearly erroneous finding of fact or a manifest error in judgment." *Leprino Foods Co. v. Factory Mut. Ins. Co.*, 653 F.3d 1121, 1131 (10th Cir. 2011) (quotation omitted). And even if an evidentiary ruling is erroneous, a new trial is warranted only if the error affected the substantial rights of the parties and it can reasonably be concluded that with or without such evidence, there would have been a contrary result. *Id.*; *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998).

Here, given that this lawsuit was litigated for more than four years before it went to trial, the Court reasonably excluded "litigation conduct," including the April 2018 Order and related evidence, to avoid confusing the jury, prejudicing either party, or wasting time at trial. *See Progressive Cas. Ins. Co. v. Vigil*, 413 P.3d 850, 857 (N.M. 2018) ("To fairly weigh evidence of the summary judgment ruling, which had been reversed on appeal, the jury would have required significant explanation about summary judgment, appellate procedures, the meaning of reversal and remand, and other legal doctrines."). The jury likely would have been

confused had it learned that the Court previously granted summary judgment in Plaintiff's favor on the issue of coverage. By the time this case went to trial, that issue had already been resolved. There was also potential for prejudice to Defendant were the jury to infer the Court agreed with Plaintiff's position on coverage.

Moreover, revisiting the April 2018 Order and Defendant's successful appeal of a portion of it would have placed before the jury legal arguments and issues far afield from the factual issues at the heart of this case pertaining whether Plaintiff's handling of Defendant's claim was without a reasonable basis. It would also have been inefficient and confusing for the jury to spend a significant amount of trial time hearing about the parties' legal arguments and how they frame the procedural history of the case. Thus, the Court did not err by providing a succinct account of that history, in language agreed upon by the parties, while taking appropriate steps to avoid the presentation of complex and tangential legal issues.

To the extent Plaintiff contends it was prejudiced because the jury was informed of two orders that went against it, the Court notes that unlike the April 2018 Order, neither of those orders has been reversed. Plaintiff's contention that it "prevailed on the coverage issue" (ECF No. 325 at 7) is both misleading and incomplete. The same can be said about its contention that the result of the April 2018 Order "was that Rockhill owed no indemnity benefits." (ECF No. 325 at 8.) Although Plaintiff did obtain a summary judgment ruling in its favor, that ruling was subject to appeal, and the underlying coverage issue of what benefits, if any, were owed, was not conclusively resolved. Indeed, in its closing argument, Plaintiff repeatedly emphasized that this declaratory judgment action was pending for much of the time at issue. (*See* ECF No. 305 at 30, 31, 32, 35, 37.) Under the circumstances, the Court discerns no unfair prejudice to Plaintiff stemming from the exclusion of the April 2018 Order. Nor has Plaintiff met its

7

burden of establishing that the outcome would have been different had the jury heard such evidence.

### 2. Jury Instructions on Insurer Conduct

Plaintiff also contends that the Court erred in how it instructed the jury on Plaintiff's duty to settle and by omitting certain instructions on reasonable insurer conduct, arguing that "[t]he instruction the Court gave on the duty to settle, combined with omission of other proposed instructions from Rockhill, virtually directed the jury to find in CFI's favor." (ECF No. 7.) . Again, the Court discerns neither error nor prejudice.

The "duty to settle" instruction provided as follows: "When a third-party brings a liability claim against an insured, the insurer's duty includes the obligation to pay or settle a covered claim against the insured where a reasonable insurer would have paid or settled the claim under the circumstances." (ECF No. 300 at 12.) Plaintiff has not shown that this or any other instruction given to the jury was an incorrect statement of the law.

Further, to the extent Plaintiff objects to the jury being informed of the Court's declaration that the arbitration award was covered under Defendant's policy, Plaintiff and Heirloom had already entered their settlement agreement when the ruling was made. By settling with Heirloom for more than a million dollars, Plaintiff effectively conceded that the arbitration award was covered under the policy. The Court discerns no error. Nor has Plaintiff shown that the instructions as a whole did not accurately state the governing law or provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case. *See United States v. John*, 849 F.3d 912, 918 (10th Cir. 2017).

Plaintiff's additional argument that the Court should have given additional instructions about insurer conduct that is not unreasonable is also unavailing. Plaintiff drafted instructions

8

stating, for instance, that "[i]t is not unreasonable conduct for an insurer": "to file a declaratory judgment action to obtain guidance from the court on a coverage issue affecting resolution of a claim"; "to seek guidance from a court on a coverage issue affecting resolution of a claim where there is an absence of legal authority on the coverage issue"; or "to await the court's ruling on an insurance coverage issue in a declaratory judgment action before paying the insurance claim." (ECF No. 325 at 11.)  But while these types of insurer conduct are not per se unreasonable, it does not follow that an insurer that engages in such conduct necessarily has a reasonable basis for its conduct or that other actions or inactions in combination with such conduct do not render an insurer's handling of a claim to be without a reasonable basis.  In this sense, the instructions were misleading, and the Court appropriately rejected them.[1]  In any event, the Court discerns no unfair prejudice to Plaintiff because it was not given "an instruction that says you win."  (ECF No. 303 at 56.)  Therefore, the Court declines to grant a new trial based on Plaintiff's challenges to the jury instructions in this case.

### 3. Weight of the Evidence

Despite its decision not to call any witnesses or present any evidence at trial, Plaintiff next argues the jury verdicts are clearly, decidedly, or overwhelmingly against the weight of the evidence.  The Court is not persuaded.

There is no dispute that Heirloom filed its arbitration demand in July 2015 and that Plaintiff satisfied Defendant's liability to Heirloom nearly five years later with a payment of over a million dollars.  Defendant presented evidence at trial from which a reasonable jury could conclude that in the interim, Plaintiff lacked a reasonable basis for the way in which it handled

---

[1] These instructions would be more precise if they set forth conduct that is not *necessarily* unreasonable, but no such modifications were suggested; nor is it clear that such instructions, as modified, would have been helpful to the jury.

the claim. For example, there was testimony that in the first fourteen months, Plaintiff did not offer more than $15,000 to settle the dispute. There was also testimony that Plaintiff failed to pursue settlement by promptly extending settlement authority to its defense team or authorizing mediation and that it denied indemnity coverage in October 2016 (after previously concluding that coverage might be available) without providing a factual basis for its position. And there was testimony suggesting that Plaintiff failed to follow industry standards and its own claim handling guidelines, that key people involved with handling the claim were not adequately supervised or were largely absent during relevant timeframes, and that Plaintiff's representatives failed or were slow to respond to pertinent communications.

Plaintiff interprets the evidence differently. It also points out that it fully funded Defendant's defense in the arbitration proceeding and made additional settlement offers during the arbitration, and that filing a declaratory judgment action was within its rights. But such conduct does not negate Defendant's position or conclusively establish that Plaintiff had a reasonable basis for how it handled the claim. In other words, the jury's verdicts are not clearly and decidedly against the weight of the evidence. On the record before it, the jury could have reasonably concluded that Plaintiff's handling of the claim over the course of nearly five years was unreasonable. Again, the jury, not the Court, "holds the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Prager*, 731 F.3d at 1063. Accordingly, Plaintiff's argument based on the weight of the evidence fails, and it is not entitled to a new trial on this basis.

### B.  Judgment as a Matter of Law

In support of its request for judgment as a matter of law, Plaintiff argues, as it has elsewhere in these proceedings, that Defendant cannot prevail on its claim because it is not a "first-party claimant." This is so, according to Plaintiff, because Defendant did not incur any defense or indemnity costs, both of which were paid by Plaintiff. The Court rejects this argument, as it has previously done. (*See* ECF No. 274 at 54.)

Under Colorado's bad faith statute, "'[f]irst-party claimant' means an individual, corporation, association, partnership or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy." Colo. Rev. Stat. § 10-3-1115(1)(a)(I). Plaintiff has presented no authority for its position that a "first-party claimant" must incur costs as a prerequisite to recovery on a statutory bad faith claim. Based on the plain meaning of the statutory language, the Court finds Defendant is asserting an entitlement to benefits owed on its behalf, notwithstanding that Heirloom brought a claim against Plaintiff. Plaintiff's Motion presents no legal or factual basis for the Court to revisit its previous determination that Defendant is a "first-party claimant" for present purposes. Accordingly, the request for judgment as a matter of law is denied.

### C.  Amendment of the Judgment

In its Motion, Defendant argues that the judgment should be amended to include a statutory penalty of $2,297,768.20, rather than the $1,590,373.46 awarded under the Court's August 6, 2021 Order. In that Order, the Court calculated the penalty by starting with the $1 million policy limit, deducting Plaintiff's "claim expenses" of $204,813.27 per the policy's professional liability ("PL") coverage, and doubling the difference per Colo. Rev. Stat. § 10-3-1116(1).

11

Defendant first argues the Court misapprehended its position that Plaintiff defended under the commercial general liability ("CGL") coverage. (ECF No. 328 at 9.) However, under the circumstances the Court finds that accepting Defendant's position would not change the outcome here. That is because regardless of whether Plaintiff's duty to defend arose under the CGL coverage, the PL coverage, or both, there is no dispute that (1) Plaintiff provided a defense and (2) its duty to indemnify arose under the PL coverage. Under these circumstances, the Court finds the limits of the PL coverage are determinative as to indemnification in this case.

Under the policy, "[c]laims expenses," defined as "expenses that are incurred by [Plaintiff], or by an attorney retained by [Plaintiff], in the investigation, settlement, defense or appeal of a 'claim' or 'suit,'" must be subtracted from the available limits of the PL coverage. (ECF No. 6-5 at 72, 75.) Defendant concedes that Plaintiff "undisputedly provided *an unallocated single defense* based on the duty to defend being triggered under both the CGL and PL coverage parts and . . . did not divide the defense costs it paid between these two parts." (ECF No. 328 at 1-2.) The Court finds there is no basis for finding that any defense costs incurred were not claims expenses that limited the indemnification available under the PL coverage, and therefore these expenses were properly deducted when calculating the "covered benefit."

Defendant next argues that the Court erred by failing to include post-judgment interest above the policy limit in its calculation of the "covered benefit." According to Defendant, the policy limit was rendered unenforceable by Plaintiff's breach of the policy by unreasonably delaying or denying an insurance benefit. But the Court has already rejected Defendant's contention that the "covered benefit" can exceed the policy's liability limits in its August 6, 2021 Order. (ECF No. 319 at 3-5.) There, the Court noted the absence of authority for Defendant's

position in the context of a statutory bad faith claim and found that §§ 10-3-1115 and -1116 were intended to provide a simplified remedy that does not require an insured to prove actual damages. Defendant's citation to cases applying the "first breach" rule is unavailing because those cases do not involve statutory bad faith claims. Moreover, accepting Defendant's position would render policy limits unenforceable in most, if not all, cases where an insured prevails on a statutory bad faith claim. Such policy decisions are better left to the General Assembly rather than this Court. Accordingly, the request to amend the judgment is denied.

## IV. CONCLUSION

Therefore, both Motions (ECF Nos. 325, 328) are DENIED. Plaintiff's Motion to Stay (ECF No. 326) is DENIED AS MOOT.

DATED this 28th day of July, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge